RULEY, JUDGE:
In this claim, damages in the sum of $300,000.00 are sought for the alleged wrongful death of Maude Slone.
In November., 1977, Mrs. Slone began to fiave noticeable mental problems, and by March 6,1978, they were of sufficient severity for an involuntary commitment to Spencer State Hospital on that date.. She had been afflicted with diabetes mellitus for a considerable time before that date and had been taking oral medication once daily for that disease. Upon admission, the examining physician ordered routine laboratory tests which would have disclosed her diabetic affliction, but, remarkably, they never were performed. In addition, at a March 8, 1978, social service interview, her husband, John Slone, told the social worker that his wife was a diabetic and that she had “to take a blue pill every morning,” and he so *383 informed a physician but the physician, whose hearing was impaired, denied having heard it. The social worker noted this critically important item on the “blue social history sheet” but could not recall whether she ever mentioned it to any staff member. In some of the hospital units, at that time, the social history sheet was placed in the patient’s chart but, in others, it was not. Mrs. Slone was in one of the latter units. Mrs. Slone never received any diabetic medication at Spencer State Hospital and on the night of April 9, 1978, she went into shock. On the following day, April 10, 1978, she died. The cause of death was “cardiorespiratory arrest, shock and coma due to or the consequence of diabetes mellitus and arteriosclerotic heart disease”. It would be difficult to conceive a plainer case of negligence on the part of the respondent and it is equally clear that such negligence proximately caused or certainly accelerated the decedent’s death. Accordingly, we will turn to the issue of damages.
At the time of her death, Maude Slone was 76 years of age. She left surviving her, as heirs-at-law, her husband, John Slone, and three sons, Melvin S. Campbell, Kenneth Ray Campbell and James Earl Campbell. When the claim was heard on December 9,1980, the sons were 52, 46 and 43, respectively. The first two were married and all three were gainfully employed in Illinois where they had resided for several years. All three, however, had maintained some contact and communication with their mother. Subsequent to the demise of her first husband, who was the father of the three sons, the decedent married John Slone on December 3, 1965. It was his second marriage also. It is undisputed that they enjoyed a mutually pleasant marital relationship. The decedent’s only income was a social security pension of $123.00 per month and a black lung benefit derived through her husband. Mr. Slone was born on June 8, 1911. He was employed as a coal miner until 1956 when he was placed upon disability retirement. He also is diabetic and is afflicted with black lung, arthritis and poor circulation. On July 3, 1978, he remarried his first wife. There are legal authorities to the effect that remarriage of a surviving spouse cannot properly be considered in determining damages, because to do so would afford the wrongdoer a windfall, but that question has not yet been addressed by the Supreme Court of Appeals of West Virginia and this Court, at this time, has mixed feelings about the wisdom of the rule. Funeral expense in the sum of $1,155.00 was incurred.
*384 In relation to damages, West Virginia Code §55-7-6, provides, in part:
X- *
In any such action for wrongful death the jury may award such damages as to it may seem fair and just, and may direct in what proportion they shall be distributed to the surviving spouse and children, including adopted children and stepchildren, and grandchildren of the deceased,* * *”
Determining damages under facts such as those of this case, from any point of view, is an extremely difficult and nebulous task. Precedents are of little, if any, value because there is great disparity among them. Having endeavored to give suitable weight to all relevant facts and the applicable statute, the Court concludes that damages should be awarded as follows:
1. To John Slone, the sum of $7,500.00;
2. To John Slone, Administrator of the Estate of Maude Slone, Deceased, the sum of $1,155.00 for funeral expense;
3. To Melvin S. Campbell, the sum of $1,500.00;
4. To Kenneth Ray Campbell, the sum of $1,500.00; and
5. To James Earl Campbell, the sum of $1,500.00.
Award of $13,155.00.